RALPH SORIANO, PLAINTIFF-RESPONDENT, v. ISADORE M. GREENFIELD, DEFENDANT-APPELLANT.

Submitted January 19, 1944—Decided April 12, 1944.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *John Cervase.*

For the defendant-appellant, *Emanuel N. Silberner.*

The opinion of the court was delivered by

CASE, J.  The state of demand alleged that the plaintiff went to defendant, a pharmacist, for first aid treatment to the area surrounding his eye; that it thereupon became the duty of the defendant to exercise reasonable care but that he nevertheless was negligent and by his negligence injured the plaintiff to the latter's money damage.  The judge, sitting without a jury, awarded plaintiff a judgment of $256, and defendant appeals therefrom.

Uncontroverted proofs show: Plaintiff received a severe blow on the eye from his father as a result of which the region of the eye became swollen, congested, black and blue, but without lacerations or bleeding.  Plaintiff went for treatment to his physician who prescribed remedies that plaintiff was unable to obtain from the neighborhood drug stores.  Plaintiff thereupon went to the defendant's store, asked for and was sold a leech which plaintiff promptly applied at or near the eye.  At the end of six hours plaintiff was bleeding profusely.  He again went to the defendant and besought him to do something to stop the bleeding.  Defendant, a licensed pharmacist of thirty-five years experience, advised plaintiff to go to a hospital three or four blocks distant, but plaintiff refused and insisted upon receiving first aid at the drug store.  Up to this time defendant had neither advised nor applied any form of treatment.  At plaintiff's insistence, however, defendant then undertook to apply first aid, which consisted, according to the testimony of defendant and of his clerk, of an application of witch hazel and of tincture of iron—styptic astringents recognized as standard first aid treatment to stop bleeding.  There is no proof that those remedies were not applied, or that they were improperly applied or that the defendant made any other application.  The next morning plaintiff looked at his face and observed "that the region about the eye looked like a raw piece of meat;" but he sought no medical advice.  Ten days later he went again to his doctor; for what reason does not appear; there is no suggestion that it was for treatment.  The doctor observed that plaintiff then had "a permanent scar one inch long and one-half inch wide under his eye" which the doctor believed was attributable

to a second degree burn caused by the application of strong medicine. A physician, expert in skin diseases, was called by the defendant and testified that in his opinion the scar was caused by an infection. There was no direct proof that there was an infection; and there was no proof that there was not, except at a time before the skin was punctured by the application of the leech.

The opinion of the court includes allusions to the testimony which are not wholly supported by the proofs placed before us in a stipulated state of case. It was within the privilege of the judge to find that the scar was caused by the application of strong medication and to disbelieve that it was caused by infection; but it was not for him to find, without proof, that the defendant made such an application. Whether, and if so what, remedies other than those used by defendant were applied, and by whom, does not appear. Plaintiff's mild and isolated statement that he felt a burning sensation while the treatment was being applied by the defendant is not enough to support a finding that the defendant applied other than the standard remedies to which the latter testified; and the testimony of plaintiff's physician that the scar in his opinion was the result of a second degree burn caused by the application of strong medicine does not prove or tend to prove that the defendant made that application.

On an appeal from the District Court to the Supreme Court the judgment under review is to be sustained on factual questions if there is any evidence to sustain it. *Breibart v. Lurich,* 98 *N. J. L.* 556. Conversely, the Supreme Court will reverse if there are no facts in proof to sustain the District Court judgment. *Warren v. Finn,* 84 *Id.* 206; *Doolittle v. Mark,* 88 *Id.* 515; *Cicero v. Nelson Transportation Co., Inc.,* 129 *Id.* 493. A scintilla of evidence will not support a verdict. *Habedank v. Atlantic Casualty Insurance Co.,* 128 *Id.* 338. Negligence was not proved. The trial court overruled defendant's motions for a nonsuit and for a direction of verdict and erred in so doing.

The judgment below will be reversed, with costs.